IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY MEANS, | CASE NO. CV F 05-1156 REC LJO |
| Plaintiff, | **INFORMATIONAL ORDER REGARDING PLAINTIFF'S PAPERS** |
| vs. | |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | |
| Defendant. | |

**PLAINTIFF'S ASSISTANCE TO SERVE SUMMONS AND COMPLAINT**

Plaintiff Jerry W. Means ("plaintiff") proceeds pro se and in forma pauperis in this action seeking this Court's review of an administrative decision denying plaintiff Social Security benefits. This Court's September 20, 2005 order directs the United States Marshal to serve a copy the summons and complaint "as directed by the plaintiff." To that end, this Court's clerk has or will provide plaintiff documents to complete and to return to this Court for service of the summons and complaint. This Court ORDERS plaintiff, no later than 15 days after service of such documents on plaintiff, to complete and return to this Court the documents for service of the summons and complaint.

Pursuant to F.R.Civ.P. 4( i )(1), the summons and complaint must be served on the Social Security Administration, United States Attorney General and United States Attorney for the Eastern District of California. Plaintiff is advised of the following addresses for service of the summons and complaint:

Social Security Administration
6401 Security Blvd., Rm. 611
Baltimore, MD 21235

U.S. Attorney General
U.S. Department of Justice
Washington, D.C. 20530

United States Attorney for the Eastern District of California
U.S. Attorney's Office, Civil Process Clerk
1130 "O" Street, Room 3654
Fresno, CA 93721.

**Plaintiff is further advised that failure to timely complete and return to this Court the documents for service of the summons and complaint will result in dismissal of this action.**

### PLAINTIFF'S LETTER BRIEF AND OPENING BRIEF

Pursuant to this Court's Scheduling Order, plaintiff is required to serve defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"), a letter brief to discuss the reasons why plaintiff contends he is entitled to Social Security benefits. The letter brief is due **within 30 days after service of the Administrative Record on plaintiff**. The Commissioner is expected to serve the Administrative Record within 120 days after the Commissioner is served with plaintiff's complaint.

Plaintiff must serve his letter brief on the U.S. Attorney for the Eastern District of California, who represents the Commissioner. He may do so by hand-delivering or mailing it to:

U.S. Attorney for the Eastern District of California
U.S. Attorney's Office, Civil Process Clerk
1130 "O" Street, Room 3654
Fresno, CA 93721.

**Plaintiff is further advised that failure to serve on the U.S. Attorney for the Eastern District a letter brief within 30 days after service of the Administrative Record will result in dismissal of this action.**

After the Commissioner receives plaintiff's letter brief, the Commissioner will have 35 days to respond with her own letter brief to plaintiff's letter brief. If the Commissioner does not agree with plaintiff's position or to remand the case for further Social Security Administration ("SSA") action, plaintiff will be required to file his opening brief. The opening brief is due **within 30 days after the Commissioner's letter brief**.

Plaintiff must file his original opening brief and a copy of it with the Court. He may do so by hand-delivering or mailing the original opening brief and copy of it to:

> Office of the Clerk
> U.S. District Court
> Eastern District of California
> 1130 "O" Street, Room 5000
> Fresno, CA 93721.

In addition, plaintiff must serve a copy of his opening brief on the U.S. Attorney for the Eastern District of California at the address noted above for the U.S. Attorney for the Eastern District of California.

**CONTENTS OF PLAINTIFF'S OPENING BRIEF**

Plaintiff's opening brief must contain the following parts:

a. A plain description of plaintiff's alleged physical or emotional impairment, when plaintiff contends the impairment became disabling, and how the impairment disables plaintiff from work;

b. A summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy;

c. A summary of the relevant testimony at the administrative hearing;

d. A recitation of the SSA's findings and conclusions relevant to plaintiff's claims;

e. A short, separate statement of each of plaintiff's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance upon an erroneous legal standard; and

f. Argument separately addressing each claimed error.

All references to the record and all assertions of fact must be accompanied by citations to SSA's Administrative Record filed in this matter. Argument in support of each claim of error must be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case. Briefs that do not substantially comply with these requirements will be stricken.

**Plaintiff is further advised that failure to file and serve an opening brief within 30 days after service of the Commissioner's letter brief will result in dismissal of this action.**

## REPLY PAPERS

Plaintiff also has an opportunity to file a reply brief. Plaintiff's reply brief should respond to the arguments made in the Commissioner's responsive brief. However, unlike an opening brief, there is no requirement that a reply brief be filed. A reply brief is due within 15 days after the service of the Commissioner's responsive brief. Plaintiff is required to file the original reply and a copy of it with the Court at the Court's address noted above. Plaintiff is also required to serve a copy of the reply brief on the U.S. Attorney for the Eastern District of California at the address noted above for the U.S. Attorney for the Eastern District of California..

## MOTION TO DISMISS

At her option, rather than filing and serving the Administrative Record, the Commissioner may file a F.R.Civ.P. 12 motion to dismiss this action. Such motion to dismiss is due within 120 days after the Commissioner is served with plaintiff's complaint. Plaintiff's brief to oppose the motion to dismiss is due 14 days after service of the motion.

## COMPLIANCE WITH COURT RULES AND ORDERS

In litigating this action, the parties must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. **Failure to comply with the Federal Rules of Civil Procedure, this Court's Local Rules, or this Court's orders, including this order**, will be grounds to dismiss this action or other appropriate sanctions. *See* Local Rule 11-110; F.R.Civ.P. 41(b).

Documents intended to be filed with this Court must be mailed or delivered in person to this Court's clerk. *See* Local Rule 5-133(d). **All documents improperly mailed to a judge's chambers will be stricken from the record.**[1] A document requesting a Court order must be styled as a motion. *See* F.R.Civ.P. 7.

Each document submitted for filing must include the original signature of the filing party or parties. Local Rule 7-131; F.R.Civ.P. 11(a). **All documents submitted without the required signature(s) will be stricken.** Each separate document must be separately stapled. *See* Local Rule 7-130. If a document is stapled behind another document, it will not be filed and will not be entered on

---

[1] When a document is stricken, it becomes a nullity and is not considered by the Court for any purposes.

1  this Court's docket.

2  All documents filed with the Court must be submitted with an additional legible conformed copy for the Court's use. *See* Local Rule 5-133(d). **A document submitted without an extra copy for the Court's use will be stricken.** If the filing party wishes the Court to return a file-stamped copy, he or she must include an additional copy for that purpose (i.e., submit an original and two copies, one for the Court's use and one to be returned). **The Court cannot provide copy or mailing service for a party**, even for an indigent plaintiff proceeding in forma pauperis. Therefore, if the filing party wishes a file-stamped copy returned, the party must also provide an envelope with adequate postage pre-paid. Copies of documents from the Court file may be obtained at the cost of 50 cents per page.

A plaintiff proceeding pro se has an affirmative duty to keep the Court and opposing parties informed of his or her current address. If a plaintiff moves and fails to file a notice of change of address, service of Court orders at plaintiff's prior address shall constitute effective notice. *See* Local Rule 83-183(b). If mail directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the Court will not attempt to remail it. **If the address is not updated within 60 days of the mail being returned, the action will be dismissed for failure to prosecute**. *See* Local Rule 83-183(b).

### SERVICE OF ORDER

The clerk of this Court is directed to serve a copy of this order to:

U.S. Attorney for the Eastern District of California
U.S. Attorney's Office, Civil Process Clerk
1130 "O" Street, Room 3654
Fresno, CA 93721.

IT IS SO ORDERED.

**Dated:   September 22, 2005**          **/s/ Lawrence J. O'Neill**
66h44d                                                    UNITED STATES MAGISTRATE JUDGE